# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3322

_____

| | | |
|---|---|---|
| Consul General of the Republic of Indonesia, for the benefit of Sofyam Salom, Heironymous Purwanta, Yduho Sasongko and Emmanuela Catur Rismiata, | * * * * * * | |
| Plaintiff, | * * | |
| Consul General of the Republic of Indonesia, for the benefit of the estate of Agus Sudarso, Dwiyani Kusumastuti, Wahyu Winarni and Mohammad Toto Budaya, | * * * * * | Appeal from the United States District Court for the Southern District of Iowa |
| Plaintiff-Appellant, | * * | |
| v. | * * | |
| Bill's Rentals, Inc., Colton & Associates, Inc., David Kevin McGrath, | * * * | |
| Defendants-Appellee. | * | |

_____

Submitted: April 9, 2001

Filed: May 16, 2001

_____

_____

Before McMILLIAN, and LOKEN, Circuit Judges, and GOLDBERG,[1] Judge.
_____

McMILLIAN, Circuit Judge.

Soejono Soerjoatmodjo, the Consul General of the Republic of Indonesia, appeals from an order entered in the United States District Court[2] for the Southern District of Iowa dismissing certain wrongful death claims. For reversal, appellant argues that the district court erred in failing to allow him an opportunity to cure the real party in interest defect, in deciding that Iowa law applied to the relation back issue and that any amendment would not relate back, and in deciding that Iowa law applied to the real party in interest issue and that appellant was not a real party in interest. For the reasons discussed below, we hold that we lack appellate jurisdiction and accordingly dismiss the appeal without prejudice.

This appeal arises out of a tragic motor vehicle accident. On September 2, 1996, twelve Indonesian citizens, who were students at the University of Iowa, were returning from a weekend sightseeing trip. Their van was owned by and had been rented from Bill's Rentals, Inc. The driver of the van attempted to enter a rest stop off Interstate 80 near Ogallala, Nebraska, lost control of the van and struck the rear of a tractor-trailer parked on the right shoulder of the exit ramp in a posted "no parking" zone. The tractor-trailer was operated by David Kevin McGrath in the course of his

_____

[1]The Honorable Richard W. Goldberg, Senior Judge, United States Court of International Trade, sitting by designation.

[2]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

employment by Colton & Assocs., Inc. (Colton). Five of the students died, and six were injured.

On August 28, 1998, several days before the applicable statute of limitations expired, appellant filed a complaint in federal district court against Bill's Rentals, McGrath and Colton, for wrongful death and negligence, seeking compensatory and punitive damages. Defendants filed motions to dismiss. The district court granted additional time for the parties to conduct limited discovery on the issues of standing and real party in interest. The district court converted the motions to dismiss into motions for summary judgment because matters outside the pleadings had been submitted to and considered by the district court.

The district court decided that appellant had standing under an international treaty on consular relations. However, the district court also decided, after a complicated conflicts of law analysis, that appellant was not the real party in interest with respect to the wrongful death claims because, under Iowa law, the person with the right to bring a wrongful death action is the administrator of the deceased's estate and appellant was not the administrator of any of the deceased students' estates. The district court also found that two of the six powers of attorney for the injured students had been revoked and that there were genuine issues of material fact with respect to the validity of the remaining four powers of attorney. On April 6, 2000, the district court granted partial summary judgment in favor of Bill's Rentals, McGrath and Colton, dismissed the wrongful death claims and the negligence claims of the two students who had revoked their powers of attorney, and certified the question of the consul general's standing under 28 U.S.C. § 1292(b). The negligence claims of the remaining four students whose powers of attorney may or may not be valid remain pending in the district court.

Appellant filed several post-judgment motions, which the district court denied on August 7, 2000. Appellant then filed a notice of appeal within 30 days of the

August 7 order but not within 10 days of either the April 6 order or the August 7 order. Appellant did not file an application for permission to appeal.

We hold that we do not have appellate jurisdiction. Courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. The district court's April 6 order is not final. That order dismissed the wrongful death claims and two of the negligence claims; however, four negligence claims are still pending in the district court. The district court did certify the question of the consul general's standing under 28 U.S.C. § 1292(b) (controlling question of law as to which there is substantial ground for difference of opinion and immediate appeal from order may materially advance the ultimate termination of the litigation).[3] However, under 28 U.S.C. § 1292(b), an application for permission to appeal must be filed within 10 days of the entry of the order certifying the appeal. Failure to file an application for permission to appeal within 10 days after certification under 28 U.S.C. § 1292(b) is a jurisdictional defect. See 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3929, at 376-77 & n.39 (2d ed. 1996 & Supp. 2000); see also Fed. R. App. P. 5 (appeal by permission). Because appellant did not file an application for permission to appeal within 10 days of the April 6 certification order, we lack jurisdiction.

Accordingly, we dismiss the appeal without prejudice. Each party is to pay its own costs.

---

[3]The parties did not proceed in accordance with Fed. R. Civ. P. 54(b) for cases involving multiple claims or parties. Under that Rule a district court can enter a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

A true copy.

Attest:

     CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.