# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1981

_____

| | | |
|---|---|---|
| Michael Montez Porchia, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas |
| | * | |
| Larry Norris, Director, Arkansas | * | [TO BE PUBLISHED] |
| Department of Correction, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 9, 2001

Filed: May 24, 2001

_____

Before BOWMAN, BEAM, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Michael Porchia, a state prisoner, may—or may not—have timely filed a notice of appeal. He bears the burden of demonstrating timeliness and the only evidence in the record suggests that his appeal was filed six days late. Moreover, Porchia has not shown that he is entitled to benefit from the prisoner mailbox rule, Fed. R. App. P. 4(c)(1), which deems an appeal filed with prison officials to be filed with the clerk. We therefore dismiss his appeal for lack of jurisdiction.

I

A Pulaski County jury convicted Porchia of two counts of second-degree murder and one count of aggravated robbery in 1990. The conviction was affirmed on direct appeal.

In December 1999, Porchia petitioned for a writ of habeas corpus in the United States District Court for the Eastern District of Arkansas. On February 28, 2001, the district court[1] adopted the recommendation of a magistrate judge that Porchia's petition be dismissed because it had been filed outside the one-year statute of limitations, 28 U.S.C. § 2244(d)(1). The district court denied the petition and entered judgment denying Porchia relief that same day.

On April 5, the clerk of the district court received a notice of appeal from Porchia. The envelope containing Porchia's notice of appeal bore an April 4 postmark. The district court properly construed Porchia's notice of appeal as a request for a certificate of appealability, see Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), which the court later denied on April 11. Thereafter, Porchia's request for a certificate was forwarded to this court, and specifically to this administrative panel, for disposition.

II

A state prisoner whose habeas petition is denied by the district court has thirty days in which to appeal that decision. See Fed. R. App. P. 4(a)(1). In the present case, the district court entered judgment on February 28. Under the provisions of Rule 4, Porchia had until March 30 to file a notice of appeal with the clerk of the district court. As we recounted above, the clerk of the district court did not receive Porchia's notice

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

of appeal until April 5.  Thus, Porchia's appeal is untimely unless one of the exceptions in Rule 4(a)(1) applies.

Rule 4(a)(1) notes an exception for certain prisoners, Rule 4(c)(1).  The exception has come to be known as the "prisoner mailbox rule."  A prisoner may deposit his notice of appeal in the prison's internal mail system, rather than with the clerk, by the thirtieth day.  Fed. R. App. P. 4(c)(1).  If a prison maintains two internal mail systems, one for regular mail and another for legal mail, the prisoner gains the benefit of the mailbox rule only if he deposits his notice of appeal in the "system designed for legal mail."  Id.  In essence, "a notice of appeal is filed within the meaning of [Rule 4] at the moment it is delivered to prison officials for forwarding to the clerk of the district court."  Houston v. Lack, 487 U.S. 266, 272 (1988).

It is unclear whether Porchia deposited his notice of appeal in a prison mailing system.  It is also unclear whether his corrections facility operates a separate legal mailing system, and, if so, whether Porchia used that system in filing this appeal.  Furthermore, even if Porchia deposited his notice of appeal with prison officials, he has neglected to inform us of the date when he did so.  Assuming that he used a prison mailing system, Porchia was required to file an affidavit or notarized statement recounting the precise date upon which he left his notice of appeal with prison authorities.  See Lee v. County of Cook, No. 00-1999, 2001 WL 252928, at *1 (7th Cir. Mar. 12, 2001) ("In order to receive the benefit of the mailbox rule, prisoners must demonstrate that they timely presented their submissions to prison authorities for mailing."); see also Fed. R. App. P. 4(c)(1), 25(a)(2)(C).

The requirements of Rule 4 are mandatory and jurisdictional, and thus we may not lightly overlook a potential timing defect.  Arnold v. Wood, 238 F.3d 992, 994-95 (8th Cir. 2001).  In the ordinary case, a party desiring to proceed in federal court bears the burden of establishing the court's jurisdiction.  See V S Ltd. P'ship v. Dep't of Hous. and Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000) ("The burden of proving

subject matter jurisdiction falls on the plaintiff.") (citing <u>Nucor Corp. v. Neb. Pub. Power Dist.</u>, 891 F.2d 1343, 1346 (8th Cir. 1989)). We believe that this principle extends to appellate cases as well. That is, an appellant must prove that necessary preconditions to the exercise of appellate jurisdiction—including the timely filing of a notice of appeal—have been fulfilled. <u>See</u> <u>Martinez v. Comm'r Internal Revenue</u>, No. 90-70552, 1991 WL 113720 (9th Cir. June 21, 1991); <u>see also</u> <u>Silverton v. Valley Transit Cement Co.</u>, 237 F.2d 143, 145 (9th Cir. 1956); <u>cf.</u> <u>In re Piper Aircraft Distribution Sys. Antitrust Litig.</u>, 551 F.2d 213, 216 n.7 (8th Cir. 1977) ("The operative act is the handing of the notice of appeal to the clerk of the District Court; it is open to an appellant to prove that this occurred on a date earlier than that recorded on the notice of appeal.").

Porchia has failed to carry his burden in this instance. Porchia has not explained whether his corrections facility has a separate legal mailing system. He has not indicated whether he used such a mailing system, if indeed the prison operates one. He did not attach an affidavit or a notarized statement setting forth the date of deposit into the prison mail system, and attesting that first-class postage has been prepaid. In short, the record is bereft of information that supports Porchia's entitlement to the benefit of the prisoner mailbox rule.

Facing a similar situation, the Fourth Circuit recently remanded an appeal to the district court for the limited purpose of ascertaining whether the prisoner timely filed a notice of appeal. <u>United States v. Damon</u>, No. 00-4707, 2000 WL 1815934 (4th Cir. Dec. 12, 2000); <u>cf.</u> <u>Stuckey v. Greiner</u>, No. 97-2826, 1998 WL 650585 (2nd Cir. Aug. 26, 1998) (remanding to determine whether a prisoner timely filed a habeas petition). We decline to follow the Fourth Circuit's approach in this instance.

The filing of a notice of appeal is a ministerial act that should not engender its own spate of litigation. Appellants bear the burden of demonstrating timely filing precisely so that circuit courts may expeditiously resolve Rule 4 questions without

burdening the district courts with appellate business. We perceive no good reason to allow an appellant to establish timely filing on remand (the second bite at the apple) when nothing hinders the appellant from proving timely filing when he first appeals. To permit remand for limited fact-finding by a district court when the appellant does not, in the first instance, demonstrate timely filing encourages delay and wasteful use of scarce judicial resources.

We acknowledge that remand may be appropriate in the rare case in which the prisoner and the warden present conflicting proof of timeliness, or when other complicated circumstances exist. See Bridgeforth v. Gibson, No. 97-6396, 1998 WL 729256, at *4 & n.2 (10th Cir. Oct. 16, 1998) (collecting cases). But this is clearly not the rare case. Porchia has failed to present even a scintilla of evidence that suggests we should apply the prisoner mailbox rule in his favor.

### III

Accordingly, because we decline to apply the prisoner mailbox rule, Porchia's notice of appeal was filed six days late. We therefore dismiss his appeal for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-