# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3525
No. 02-3529

_____

| | | |
|---|---|---|
| Mahesh Reinholdson, et al., | * | |
| | * | |
| Plaintiffs - Appellants/ | * | |
| Cross Appellees, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| State of Minnesota, et al., | * | |
| | * | |
| Defendants - Appellees/ | * | |
| Cross Appellants. | * | |

_____

Submitted: June 12, 2003

Filed: October 23, 2003

_____

Before LOKEN, Chief Judge, HEANEY and RILEY, Circuit Judges.

_____

LOKEN, Chief Judge.

Nine disabled students enrolled in schools in Independent School District No. 11 commenced this action against the School District, the Minnesota Department of Education, and their responsible officials. Plaintiffs allege individual and "systemic" violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1487; § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and 42 U.S.C. § 1983. Ruling on multiple cross-motions, the district court entered an order:

- dismissing with prejudice all claims against the State defendants;
- dismissing with prejudice the § 504 claims and the § 1983 claims against the School District defendants;
- dismissing without prejudice all IDEA claims against the school district defendants that plaintiffs did not raise in their administrative hearings;
- severing plaintiffs' remaining IDEA claims against the school district defendants "into individual cases" and directing that each plaintiff refile those claims "as a separate action naming as a Defendant only the School District";
- denying plaintiffs' motion to certify a class; and
- denying defendants' motion to dismiss various claims as time-barred.

Plaintiffs appeal the first five parts of this order. The school district defendants note "some question" regarding our jurisdiction but urge us in any event to take up their cross-appeal of the statute of limitations ruling. We conclude that the district court's severance order contains an ambiguity that affects whether the remainder of the appeal is interlocutory. We construe the severance order as requiring separate trials of consolidated actions, as authorized by Rule 42(b) of the Federal Rules of Civil Procedure. That renders the court's other rulings interlocutory, and we decline to consider them, consistent with the final judgment principle.

1. With a few notable exceptions, our jurisdiction is limited to appeals from "final decisions of the district courts." 28 U.S.C. § 1291. Plaintiffs did not properly invoke any of the recognized exceptions to the final judgment rule. They did not ask the district court to certify a controlling issue of law for interlocutory appeal under 28 U.S.C. § 1292(b). See generally Consul Gen. of the Republic of Indon. ex rel. Salom v. Bill's Rentals, Inc., 251 F.3d 718, 720 (8th Cir. 2001). They did not ask the court to enter final judgment on the dismissed claims with "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment," which authorizes an immediate appeal when only some parties or claims are dismissed. See FED. R. CIV. P. 54(b); McCowan v. Dean Witter Reynolds Inc., 889 F.2d 451, 453-54 (2d Cir. 1989). They did not seek timely permission from this

court to appeal the denial of class certification. See FED. R. CIV. P. 23(f). Finally, the district court's order does not fall within the narrow, judicially created "collateral order" doctrine, which permits interlocutory appeal of "decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment." Cunningham v. Hamilton County, 527 U.S. 198, 204 (1999) (quotation omitted); see Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 (1978) (holding that the denial of class certification is not an appealable collateral order).

Our jurisdiction therefore turns on whether the district court's order was a final decision within the meaning of 28 U.S.C. § 1291. A district court's decision is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Cunningham, 527 U.S. at 204 (quotation omitted). To be final, an order or judgment must reflect "some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as [the court] is concerned, is the end of the case." Goodwin v. United States, 67 F.3d 149, 151 (8th Cir. 1995) (quotation omitted). For example, dismissal of a complaint "in its entirety" reflects such a clear and unequivocal manifestation. Great Rivers Coop. of Southeastern Iowa v. Farmland Indus., Inc., 198 F.3d 685, 689 (8th Cir. 1999). An order may be final even if the district court has retained jurisdiction to perform ministerial tasks in the future. See Powell v. Ga.-Pac. Corp., 90 F.3d 283, 284 (8th Cir. 1996). The party seeking to appeal bears the burden of establishing our appellate jurisdiction. See Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001).

Here, the district court's order is not a "clear and unequivocal manifestation" that it intended to end the case. The court expressly denied the school district defendants' motion to dismiss plaintiffs' exhausted IDEA claims. To that extent, the dismissal of other claims was the type of partial dismissal that is not immediately appealable absent a Rule 54(b) determination or a 28 U.S.C. § 1292(b) certification. However, the severance order complicates the finality inquiry. The court severed the

exhausted claims of the nine named plaintiffs and directed them to refile those claims in separate actions. Use of the word "refile" suggests an expectation that the litigation will continue. But the Clerk of Court entered the operative provisions of the district court's order on a separate document entitled Judgment in a Civil Case. This is evidence of finality, but the record does not reflect whether the court approved the form of that judgment, as the Federal Rules require. See FED. R. CIV. P. 58(a)(2)(B)(ii).

Examining the inherent nature of a severance order does not resolve this ambiguity. The Federal Rules grant a district court discretion either to order a separate trial of any claim or issue, or to completely sever a claim so that it may proceed separately. See FED. R. CIV. P. 42(b) and 21. For our purposes, the distinction is critical. A separate trial order under Rule 42(b) is interlocutory and non-appealable. See In re Lieb, 915 F.2d 180, 185 (5th Cir. 1990); Helene Curtis Indus., Inc. v. Church & Dwight Co., 560 F.2d 1325, 1335 (7th Cir. 1977), cert. denied, 434 U.S. 1070 (1978). On the other hand,

> [s]everance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other. The presence of unresolved claims in the other action does not of itself implicate Fed. R. Civ. P. 54(b), because that Rule applies only where the unresolved claims are in the same action or suit.

United States v. O'Neil, 709 F.2d 361, 368 (5th Cir. 1983); see E.S. v. Indep. Sch. Dist. No. 196, 135 F.3d 566, 568 (8th Cir. 1998). Thus, if the district court's order directing plaintiffs to refile their administratively exhausted claims against the school district defendants effected a Rule 21 severance of those claims, and if *all* other claims were dismissed in the same order, then the dismissal order would be final. The

district court's memorandum opinion did not clarify this point, and the parties have not addressed it on appeal. In these circumstances, we at least have appellate jurisdiction to construe the severance order.

2. Plaintiffs have appealed the severance order, arguing that all their claims "unquestionably were appropriate to be raised in a single action" because they arise out of the same series of transactions or occurrences. A district court's decision to sever claims into separate actions is reviewed for abuse of discretion. See Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974).

The district court ordered the nine individual plaintiffs to refile their claims in separate actions because these plaintiffs have "distinct disabilities and educational needs," they went through separate proceedings to exhaust their administrative remedies, and joinder of these distinct claims in a single action "undoubtedly serves to delay a resolution of the individual claims." Without question, these are legitimate concerns. But a complete severance disregards plaintiffs' allegations of common or "systemic" IDEA violations by the State and school district defendants.

As the district court recognized, a State's department of education may in some circumstances be liable for a local school district's IDEA violation. See John T. v. Iowa Dep't of Educ., 258 F.3d 860, 864-65 (8th Cir. 2001). The court nonetheless dismissed the claims against the State defendants in this case because those defendants were not involved in the development of plaintiffs' individual education plans, were not involved in the individual administrative hearings, and are bound by the hearing officers' decisions. "In essence," the court observed, "Plaintiffs' claim is that they collectively are dissatisfied with the decisions made by the hearing officers." Those are sound reasons to order that the individual exhausted claims against the school district defendants be tried separately and first. But trials of those individual claims may expose issues of systemic violation that would cause the district court to reconsider its decision to dismiss plaintiffs' claims against the State

defendants in their entirety.  Cf. Interstate Power Co. v. K.C. Power & Light Co., 992 F.2d 804, 808 (8th Cir. 1993).

In these circumstances, we conclude that the district court abused its discretion to the extent that the Clerk's judgment reflects a complete Rule 21 severing of the individual plaintiffs' exhausted claims against the school district defendants. Therefore, we construe the severance order as a ruling under Rule 42(b) that these individual claims must be tried separately and first.

3.  With the severance order limited in this fashion, the remaining portions of the order being appealed, including the statute of limitations ruling, are interlocutory and therefore beyond our appellate jurisdiction at this stage of the proceedings.  In the future, as the named plaintiffs' claims are separately tried and resolved, the district court's disposition of these individual claims may be appropriate for Rule 54(b) determinations.  But the district court's dismissal of the State defendants and denial of class certification, unless hereafter modified by that court, will not be ripe for appeal until a final judgment has been rendered in the entire action.  Although the dismissal of the State defendants purports to be a final disposition of plaintiffs' "systemic" claims, the non-final order "is subject to revision [by the district court] at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  FED. R. CIV. P. 54(b); see United States v. State of Ark., 791 F.2d 1573, 1576-77 (8th Cir. 1986); Persyn v. United States, 935 F.2d 69, 74-75 (5th Cir. 1991).  While the overall proceeding may be lengthy, it is the product of the way plaintiffs chose to structure their lawsuit combined with the "several salutary purposes" underlying the final judgment rule.  Cunningham, 527 U.S. at 203.

The order of the district court is modified, the Judgment in a Civil Case is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.  The parties will bear their own costs and attorneys' fees for the appeals.

_____