# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1327

_____

Donald X. Brown,                              *
                                             *
      Appellant,              *
                                             *
    v.                                 *   Appeal from the United States
                                             *   District Court for the
Larry Norris, Arkansas Department of         *   Eastern District of Arkansas.
Correction; Max Mobley, Deputy               *
Director, Arkansas Department of             *   [UNPUBLISHED]
Correction; Dr. Zoldessy, Arkansas           *
Department of Correction; John Byus,         *
Medical Administrator, Arkansas              *
Department of Correction; Linda              *
Kenyon, Infirmary Manager,                   *
Wrightsville Unit, ADC; Brenda               *
Bearden, Ombudsman, Arkansas                 *
Department of Correction; Brenda             *
Starr, Grievance Officer, Wrightsville       *
Unit, ADC; Nix, Dentist, Wrightsville        *
Unit, ADC; Dr. Coutts, Wrightsville          *
Unit, ADC; Dodge, Nurse, Wrightsville        *
Unit, ADC; Gibson, Nurse,                    *
Wrightsville Unit, ADC; Wigington,           *
Nurse, Wrightsville Unit, ADC;               *
Arnold, Nurse, Wrightsville Unit,            *
ADC; Graves, Mail Room, Wrightsville         *
Unit, ADC; Ms. Young, Business               *
Manager, Wrightsville Unit, ADC;             *
Terry Clifton, Warden, Wrightsville          *
Unit, ADC; Eddie Cook, Assistant             *
Warden, Wrightsville Unit, ADC; Tim          *

Lowery, Furniture Supervisor, *
Wrightsville Unit, ADC; Ray Hobbs, *
Assistant Director, Arkansas *
Department of Correction; Harmon, *
Warden, Maximum Security Unit, *
ADC; Tiffanye Compton, Grievance *
Supervisor, Arkansas Department of *
Correction; George Brewer, *
Classification Administrator, Arkansas *
Department of Correction; Speers, *
Infirmary Manager, Maximum Security *
Unit, ADC; Lt. Walton, Grimes Unit, *
ADC; Ronald Dobbs, Assistant *
Director, Arkansas Department of *
Correction; David White, Warden, *
Tucker Unit, ADC; Mary Brim, *
Classification Officer, Tucker Unit, *
ADC; Wimberly, Chief of Security, *
Maximum Security Unit, ADC; Lt. *
Bailey, Maximum Security Unit, ADC; *
Lt. Ivey, Maximum Security Unit, *
ADC; Sgt. Emerich, Grimes Unit, *
ADC; Moten, Captain, Wrightsville *
Unit, ADC; Stout, Chief of Security, *
Wrightsville Unit, ADC; Sgt. Foote, *
Wrightsville Unit, ADC; F. Alino, *
CO-II, Wrightsville Unit, ADC; Linda *
Murphy, Pen Store, Supervisor, *
Wrightsville Unit, ADC; T. J. Garrett, *
Grievance Officer, Wrightsville Unit, *
ADC; Arline Towne, Mental Health, *
Grimes Unit, ADC; Thompson, *
Classification, Grimes Unit, ADC; Ms. *
Cogshell, Mental Health, Cummins *
Unit, ADC; Jerry Moore, Mental *
Health, Cummins Unit, ADC; Smith, *
CO2, Cummins Unit, ADC; L. Arnold, *

-2-

CO2, Cummins Unit, ADC,             *

                                     *

        Appellees.           *

_____

Submitted: June 28, 2004
Filed:  November 16, 2004

_____

Before BYE, McMILLIAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Donald X. Brown appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 action as barred by the "three-strikes" provision of 28 U.S.C. § 1915(g).  We remand to the district court for a hearing on whether the prison mailbox rule applies to this case, and thus whether Brown's notice of appeal (NOA) was timely.

The district court granted Brown an extension of time until October 14, 2003, to file his NOA, in accordance with Federal Rule of Appellate Procedure 4(a)(5).  The court did not receive Brown's NOA by that date, but on December 11 he moved for leave to file a belated NOA, stating that on October 9 he mailed an "indigent legal envelope" containing his NOA and in forma pauperis request by placing the envelope in the prison mailbox.  He stated that he had inquired about the status of the NOA, and on December 6 the court clerk had responded that the court did not have a record of receiving it.  Brown later submitted additional documents indicating that he had filed grievances regarding the prison's mishandling of the October 9 mail.  The district court summarily denied the motion to file a belated NOA, but did not determine whether Brown had placed his NOA in the prison's legal mail system on October 9.  See Fed. R. App. P. 4(c)(1) (inmate's NOA is timely if deposited in institution's internal mail system on or before last day for filing).

We find that Brown has sufficiently raised a question of fact as to whether he properly placed his NOA in the institution's mail system on October 9, and thus we remand to the district court for a hearing on the issue.  See Grady v. United States, 269 F.3d 913, 917, 919 (8th Cir. 2001) (prisoner's declaration or statement that he timely placed NOA in prison's legal mail system need not accompany legal filing; remanding for district court to determine whether 28 U.S.C. § 2255 motion was timely filed under prison mailbox rule); Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001) (inmate bears ultimate burden of proving his entitlement to benefit of prison mailbox rule).

_____