# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2420

_____

Vernon Lee Pugh,                          *
                                          *
            Petitioner-Appellant,         *
                                          *    Appeal from the United States
      v.                                  *    District Court for the
                                          *    District of Minnesota.
State of Minnesota,                       *
                                          *    [UNPUBLISHED]
            Respondent-Appellee.          *

_____

Submitted: May 13, 2010
Filed: June 8, 2010

_____

Before RILEY, Chief Judge, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Vernon Lee Pugh filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state convictions on two counts of first degree criminal sexual conduct in violation of Minn. Stat. § 609.342 subd. 1(a) and subd. 1(h)(iii). The district court[1] denied relief, and Pugh appeals. We dismiss the appeal for lack of jurisdiction.

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Pugh was convicted in Minnesota district court of sexually abusing his stepdaughter beginning the day before her twelfth birthday. In his state court appeal Pugh argued that cumulative error deprived him of a fair trial. He alleged that the trial court erred by (a) permitting an expert to testify before the jury that in his opinion the girl had been abused, and (b) admitting testimony about a prior assault by Pugh. He also appealed an upward departure at sentencing.

The Minnesota Court of Appeals affirmed the convictions but remanded for resentencing in light of Blakely v. Washington, 542 U.S. 296 (2004), and Taylor v. State, 670 N.W.2d 584 (Minn. 2003). See State v. Pugh, No. A04-663, 2005 WL 1019023 (Minn. Ct. App. May 3, 2005). Both parties appealed. The Minnesota Supreme Court denied Pugh relief but stayed the sentencing appeal pending resolution of similar issues in some other cases.

While his sentence was still on appeal, Pugh filed a pro se habeas corpus petition in the federal district court. The state moved to dismiss the petition for containing unexhausted claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b). After the Minnesota Supreme Court remanded Pugh's case to the trial court for resentencing, the federal district court issued an order permitting Pugh to amend his habeas petition to address only non Blakely claims. The district court subsequently denied relief to Pugh in respect to his convictions, and Pugh appeals.

Fed. R. App. P. 4(a)(1) requires a party to file a notice of appeal within thirty days after the challenged judgment is entered, and the rule applies to habeas petitions. Browder v. Dir., Dep't of Corr., 434 U.S. 257, 265 n.9 (1978); see also Porchia v. Norris, 251 F.3d 1196, 1197 (8th Cir. 2001). Here, the judgment was entered in the

district court on December 19, 2008, but Pugh did not submit a notice of appeal[2] until February 3, 2009. Fed. R. App. P. 4(a)(5) allows a party to move the district court to extend the time to file a notice of appeal if (a) he moves no more than thirty days after the original thirty day deadline has passed, and (b) he shows good cause. Pugh did not move for an extension of time, however, and an untimely notice of appeal cannot substitute for such a motion. Campbell v. White, 721 F.2d 644, 645-46 (8th Cir. 1983).

Pugh does not dispute that his notice of appeal was untimely filed. Instead, he submitted an affidavit with his appeal describing his difficulties as a prisoner with limited access to the law library and notary services. The state has moved to strike Pugh's affidavit because it was not submitted to the district court and is therefore outside the record. See Fed. R. App. P. 10(a). While we recognize that a prisoner like Pugh has certain restrictions, he has not complied with Rule 4's time limits which are "mandatory and jurisdictional." Browder, 434 U.S. at 264 (quotation omitted).

Accordingly, we dismiss Pugh's appeal for lack of jurisdiction and deny the state's motion to strike as moot.

_____

_____

[2]The district court evidently construed Pugh's pro se submission as both a notice of appeal under Fed. R. App. P. 4 and an application for a certificate of appealability under Fed. R. App. P. 22(b). See 28 U.S.C. § 2253(c)(1)(A).