**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7384**

STEVEN WAYNE GOODMAN,

Plaintiff – Appellant,

v.

D. B. EVERETT, Warden, SIISP; D. ROBINSON, Regional Director, Eastern District of the DOC; GENE JOHNSON, Director of the DOC; K. BASSETT, Warden, Keen Mountain Correctional Center; PIXLEY, Assistant Warden, SIISP; MR. PHELPS, Correctional Officer, KMCC; R. SANDIFER, Institutional Ombudsman, KMCC; JOHN/JANE DOE, Regional Ombudsman, Western Region of the DOC; K. PICKEREL, Assistant Warden, KMCC; L. HUFFMAN, Regional Director, Western Region of the DOC; G. ROBINSON, Manager, Ombudsman Services United for the DOC; JOHN JABE, Deputy Director of the DOC; HAYES, Institutional Investigator, SIISP; C. HARRIS, Housing Unit Manager and Institutional Classification Authority-Special Housing Unit; J. HARRIS, Treatment Programs Supervisor; OFFICER GILMORE, Chief Security, SIISP; JOHN/JANE DOE, #2, Central Classification Services for the DOC; G. BASS, Manager, Offender Management Services; OFFICER BARBOUR, Office Service Specialist, SIISP; MASSENBURG, Institutional Ombudsman, SIISP; W. ROLLINS, Operations Officer, SIISP; G. SIVELS, Regional Ombudsman Eastern Region of the DOC; NICHOLS, Psychologist, SIISP; RIVERS, Psychologist, SIISP; GENERAL, Psychiatrist, SIISP; L. STANDFORD, Employee of Prison Health Services and Health Service Administrator at SIISP; S. TAYLOR, Employee of Prison Health Services and Director of Nursing at SIISP; K. WATSON, Director of Audits and Regulation Compliance for Prison Health Services; C. COUTHER, Regional Nurse Administrator, Eastern Region of the DOC,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (3:06-cv-00849-RLW)

Submitted: June 24, 2010                    Decided: July 16, 2010

Before KING, DUNCAN, and AGEE, Circuit Judges.

Remanded by unpublished per curiam opinion.

Steven Wayne Goodman, Appellant Pro Se. Mark R. Davis, Assistant Attorney General, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Wayne Goodman seeks to appeal various orders of the district court entered in his 42 U.S.C. § 1983 (2006) suit. The district court entered its final order on May 1, 2009. On May 21, Goodman filed a Fed. R. Civ. P. 59(e)[*] motion for reconsideration dated May 14. The certificate of service was neither notarized nor sworn to under penalty of perjury, and it stated that the motion was mailed "first class mail, postage prepaid." The district court denied the Rule 59(e) motion on June 18. On July 16, Goodman filed a notice of appeal, dated July 15, and seeking to appeal inter alia the denial of his motion for reconsideration and the district court's May 1 order.

Under Fed. R. App. P. 4(a)(4)(A)(iv), a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) tolls the time for filing a notice of appeal of the underlying judgment. In order to be timely, a motion to alter or amend must be filed within ten days of the entry of judgment in question, and the district court is without jurisdiction to

---

[*] The citations in this opinion to the Federal Rules of Appellate Procedure and the Federal Rules of Civil Procedure are to the Rules in effect at the time the relevant documents were filed in district court. The Rules were amended effective December 1, 2009, to provide different appeal periods and different methods of calculating dates. These amendments do not affect the timeliness of Goodman's appeal because the appeal period expired before the effective date of the amendments.

extend this time period. Fed. R. Civ. P. 6(b)(2), 59(e). In this case, due to intervening weekends that are excluded from time computation under Fed. R. Civ. P. 6(a), Goodman had until May 15, 2009, to file a timely Rule 59(e) motion. While Goodman's motion was dated May 14, it was not filed until May 21.

Federal Rule of Appellate Procedure 4(c)(1) states that an incarcerated inmate's notice of appeal is deemed filed when deposited into the institution's mail system. However, the Rule further notes that "[i]f an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule." For institutions without legal mail systems, an inmate may submit a declaration or notarized statement consistent with Rule 4(c). See United States v. Ceballos-Martinez, 387 F.3d 1140, 1144-45 (10th Cir. 2004); see also Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001) (holding that, even in institutions with legal mail systems, declaration or notarized statement is still required).

Although the district court apparently considered Goodman's Rule 59(e) motion timely, we find that the record is insufficient to determine when Goodman delivered his Rule 59(e) motion to prison officials for filing and whether he appropriately followed proper channels for legal mail. Resolution of these questions is determinative of the issues

4

properly before this court on appeal. If the Rule 59(e) motion was not timely filed, the time to appeal the underlying judgment was not tolled, thus rendering untimely Goodman's appeal of all orders prior to June 14, 2009.

Accordingly, we remand to the district court for a determination of whether Goodman's Fed. R. Civ. P. 59(e) motion was timely filed. The record, as supplemented, will then be returned to this court for further consideration. We deny Goodman's motion to recuse.

REMANDED