NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1099
_____

HERBERT COUNCIL,
                              Appellant

v.

JOHN NASH, Warden; C.J. DEROSA, Warden; HENRY E. MCKINNON, Unit
Manager; JIM REISER, Case Manager; KEVIN BULLOCK, Case Manager; BOB
DONAHUE, Case Manager Coordinator; RONNIE HOLTE, Associate Warden;
WALTER B. JONES, Assistant Administrator; JOHN R. OWENS, Associate Warden;
SCOTT DODRILL, N.E. Regional Designator Administrator; E.L. TATUM, JR.,
Regional Designator Administrator; HARRELL WATTS, Administrator for National
Appeals; TARRA MORAN, Attorney Advisor; USA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-00007)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 3, 2010

Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Opinion Filed: November 9, 2010)

_____

OPINION OF THE COURT
_____

PER CURIAM.

Herbert Council appeals pro se from the United States District Court for the District of New Jersey's October 21, 2009 entry of judgment against him. For the reasons that follow, we will dismiss the appeal.

I.

In 2006, while confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), Council filed a 42 U.S.C. § 1983 complaint against several current and former employees of the Federal Bureau of Prisons ("BOP"). Although many of the defendants were dismissed from the case, Council's claim against defendant Henry McKinnon proceeded to trial. On October 21, 2009, after a two-day jury trial, the district court entered an order granting the defendant's motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a).[1] Council's notice of appeal was, therefore, due on Monday, December 21, 2009. *See* Fed. R. App. P. 4(a)(1)(B). The notice of appeal, while dated December 16th, was not received by the district court clerk until December 28th.

Council's appeal is thus untimely under Federal Rule of Appellate Procedure 4(a)(1)(B). However, because Council was confined in a Community Correctional Center ("CCC") when he filed his notice of appeal, we directed the parties to address

_____

[1] The district court signed the order granting the defendant's motion for judgment as a matter of law on October 20, 2009. However, the order was not entered on the docket until October 21, 2009, and although "an order may be signed by the district court, received by the clerk, and entered in the docket on different days, the entry date controls." *United States v. Fiorelli*, 337 F.3d 282, 287 (3d Cir. 2003).

2

whether Federal Rule of Appellate Procedure 4(c)(1) —the codification of the "prison mailbox rule" —applied to Council so as to make his notice of appeal timely. The defendants complied with this order and asserted that the notice of appeal was untimely and that, as such, this Court lacks jurisdiction over the appeal. Council filed an informal brief but did not address the timeliness of his notice of appeal.

## II.

This Court lacks jurisdiction over untimely appeals in civil actions. *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (holding that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement"). Under Federal Rule of Appellate Procedure 4(a)(1)(B), a party has sixty days to appeal from a judgment in a case in which "the United States or its officer or agency is a party." The general rule is that a notice of appeal is deemed filed on the date that it is received by the district court clerk's office. *See* Fed. R. App. P. 4; *United States v. Solly*, 545 F.2d 874, 876 (3d Cir. 1976). However, in *Houston v. Lack*, 487 U.S. 266, 276 (1988), the Supreme Court held that a pro se prisoner's notice of appeal is deemed filed at the moment when he or she delivers it to prison authorities for forwarding to the court clerk. This decision recognized that pro se prisoners have no control over the delays in prison authorities' processing of legal mail, and that the prison's failure to act promptly should not bind the litigants. *Houston*, 487 U.S. at 275-77. Federal Rule of Appellate Procedure 4(c)(1) thus provides that, "[i]f an inmate confined in an institution files a notice of appeal . . . the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."

3

The mailbox rule has been applied not just to prisoners but also to civil detainees confined in state hospitals as sexually violent predators. *See Jonas v. Blanas*, 393 F.3d 918 (9th Cir. 2004) (explaining that the rule "applies broadly to any 'inmate confined in an institution.' There is no express limitation on the rule's application to prisoners, or to penal institutions . . . ."). It is clear that those who are housed in CCCs remain under the authority of the BOP, that such placement is considered part of the inmate's "term of imprisonment," and that a CCC is considered a "place of imprisonment." *See* 18 U.S.C. §§ 3621, 3624(c). However, CCCs have "relatively lenient policies . . . as compared to more traditional correctional facilities. CCC pre-release programs often include an employment component under which a prisoner may leave on a daily basis to work in the community. Inmates may be eligible for weekend passes, or furloughs." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005). Accordingly, based on the rationale of *Houston v. Lack*, Rule 4(c)(1)'s applicability to Council may depend on the level of restrictions to which he was subject at the CCC, as it is unclear whether he was able to ensure that his notice of appeal was timely filed as would a regular litigant.

It is Council's burden to demonstrate that this Court has jurisdiction over his appeal and that Rule 4(c)(1) applies to him. *See* Fed. R. App. P. 4(c)(1) ("Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first class postage has been prepaid."); *Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001) ("[A]n appellant must prove that the necessary preconditions to the exercise of appellate

4

jurisdiction—including the timely filing of a notice of appeal—have been fulfilled."). However, he has provided us with no information regarding the conditions of his confinement, he has advanced no argument that Rule 4(c)(1) should apply to the filing of his notice of appeal, nor has he filed a declaration or notarized statement as required by Rule 4(c)(1). Further, Council states that his notice of appeal was filed on December 28th. Accordingly, we must dismiss this appeal for lack of jurisdiction because the notice of appeal was untimely filed.