NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3745
_____

ALVIN CHRISTOPHER MARTIN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A031-362-217)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2012
Before:  SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Filed: March 19, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Alvin Christopher Martin petitions for review of the order of the Board of

Immigration Appeals ("BIA") denying his motion to reopen.  The Government has

filed a motion to dismiss the petition, arguing that we lack jurisdiction because the petition is untimely. We agree and will grant the Government's motion.

The BIA denied Martin's motion to reopen on August 25, 2011. Martin's petition for review was due to be filed by September 26, 2011 (September 24 being a Saturday). See 8 U.S.C. § 1252(b)(1). That deadline is jurisdictional. See Stone v. INS, 514 U.S. 386, 405 (1995); Vakker v. Att'y Gen., 519 F.3d 143, 146 (3d Cir. 2008). Martin dated his petition for review September 12, 2011, but it is postmarked October 4 and was received by this Court on October 6.

The Government argues that Martin's petition is untimely because it was "filed" on October 6, the date we received it. Martin filed his petition while in prison, however, and thus potentially benefits from the prison mailbox rule. Under that rule, a prisoner's petition for review is deemed to be filed on the date that the prisoner delivers it to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Fed. R. App. P. 25(a)(2)(C); see also Arango-Aradondo v. INS, 13 F.3d 610, 612 (2d Cir. 1994) (applying Rule 25(a)(2)(C) to immigration petition for review). Cognizant of Martin's pro se status, we have liberally construed his filings in order to determine whether there is any basis for deeming his petition timely under this rule. We cannot say that there is.

Although Martin dated his petition for review September 12, his certificate of service does not state that he mailed it to the Court or gave it to prison authorities for mailing to the Court on that date. To the contrary, the certificate states that he mailed the petition to <u>his mother</u> on that date and was waiting (for unspecified reasons) for his mother to return it to him so that it could then be "mailed to the Court." The post mark on the envelope shows that Martin's petition was not actually mailed to the Court until October 4. Thus, this is not a situation in which we can presume that Martin gave his petition to prison authorities for mailing on the date he executed it. Cf. <u>Baker v. United States</u>, — F.3d —, Nos. 08-2288 & 08-2365, 2012 WL 433960, at *2 n.2 (3d Cir. Feb. 13, 2012) ("We presume <u>here</u> that Baker filed all of his motions on the date that he executed them.") (emphasis added). And Martin himself has made no representation regarding the date he mailed his petition to the Court or gave it to prison authorities for mailing. Nor has he certified the date of delivery by declaration or notarized statement as provided by Rule 25(a)(2)(C).

"[A]n appellant must prove that necessary preconditions to the exercise of appellate jurisdiction—including the timely filing of a notice of appeal—have been fulfilled." <u>Porchia v. Norris</u>, 251 F.3d 1196, 1198 (8th Cir. 2001). The Government raised the issue of timeliness in its motion to dismiss and reiterated its

argument in its appellate brief. Martin, however, has neither responded to the Government's motion nor raised any argument in his own brief that his petition is timely. He also has not asserted any circumstances that might allow us to conclude that it is. Martin alleges various instances of prison mailroom interference, but those relate to his attempts to overturn a criminal conviction and to contest removability during his initial proceeding before the Immigration Judge. He makes no allegations regarding the mailing of his petition for review. Accordingly, we will dismiss it as untimely.