**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6654**

GENE RAYMOND MORRILL,

        Plaintiff - Appellant,

    v.

DEBRA D. CORCORAN, Attorney at Law; JAMES 'MIKE' SITTON, II,
Attorney at Law,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Mark S. Davis, District
Judge. (2:13-cv-00004-MSD-TEM)

Submitted:  June 13, 2013        Decided:  June 18, 2013

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Gene Raymond Morrill, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gene Raymond Morrill seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2006) action for failure to state a claim. In civil cases like Morrill's, parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). The order that Morrill seeks to appeal was entered on January 25, 2013. Morrill thus had thirty days, or until Monday, February 25, 2013, to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A), 26(a)(1)(C). Nevertheless, Morrill did not file a notice of appeal until, at earliest, April 8, 2013 – more than one month too late.[*]

Because "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," we lack jurisdiction to consider Morrill's claims. Bowles v. Russell, 551 U.S. 205, 214 (2007). Accordingly, we deny Morrill's motion

---

[*] Although Morrill suggests that he mailed a notice of appeal on or around January 31 and received a confirmation of receipt on February 12, the docket of neither the district court nor of this court reflects any such filing. See Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc., 683 F.3d 577, 583-84 (4th Cir. 2012) (party claiming appellate jurisdiction bears the burden of proving it); Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001) ("[A]n appellant must prove that necessary preconditions to the exercise of appellate jurisdiction - including the timely filing of a notice of appeal - have been fulfilled."). Left with no alternative, we construe Morrill's letter to this court, which was mailed on April 8, as his notice of appeal.

2

to appoint counsel and dismiss this appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED