RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0025p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

GERALD PIERCE; KATHLEEN PIERCE,

> *Plaintiffs-Appellants*,

*v.*

OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK
NATIONAL TRUST COMPANY,

> *Defendants-Appellees*.

No. 20-6057

─────────────────

On Motion to Dismiss

United States District Court for the Western District of Tennessee at Memphis;
No. 2:19-cv-02061—Samuel H. Mays, Jr., District Judge.

Decided and Filed:  February 4, 2021

Before:  SUTTON, COOK, and READLER, Circuit Judges.

─────────────────

**COUNSEL**

**ON MOTION AND REPLY:**  Shaun K. Ramey, Joseph V. Ronderos, MCGLINCHEY
STAFFORD, PLLC, Nashville, Tennessee, for Appellees.  **ON RESPONSE:**  Archie Sanders
III, SANDERS LAW FIRM, Memphis, Tennessee, for Appellants.

─────────────────

**ORDER**

─────────────────

SUTTON, Circuit Judge.  Homeowners Gerald and Kathleen Pierce sued Ocwen Loan
Servicing and Deutsche Bank National Trust Company to prevent them from foreclosing on their
home.  The district court granted summary judgment to Ocwen and Deutsche Bank.  The Pierces
appealed.  Thinking the Pierces waited too long to file the notice of appeal, the banks filed a

motion to dismiss the appeal for lack of jurisdiction.  We disagree with the banks' position and deny the motion.

The Pierces came up short on three consecutive mortgage payments.  Fearing foreclosure, they sought an injunction to prevent Deutsche Bank and Ocwen from taking possession of their home.  The district court entered summary judgment in the lenders' favor on April 13, 2020. The Pierces timely filed a motion to alter the judgment, which the district court denied on August 12.

At that point, the Pierces had 30 days—through Friday, September 11—to file their notice of appeal.  Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A)(iv); *see* 28 U.S.C. § 2107(a).  Sometime before 5 p.m. on that final day, the Pierces' lawyer placed a paper notice of appeal and a cashier's check for the filing fee into the drop box provided by the court.  The weekend passed. On Monday morning, the clerk emailed counsel, informing him that local rules required electronic filing and that the clerk would return the notice by regular mail.  The court kept the cashier's check.  Counsel filed an electronic notice of appeal that day, Monday.

The banks moved to dismiss the appeal as untimely.  Aware only that the electronic notice had been filed on the 14th (and unaware of the brick-and-mortar misstep), they argued that the Pierces' notice was three days late.  In response, the Pierces presented an affidavit from their attorney, explaining that he deposited the notice of appeal in the clerk's drop box on Friday, September 11.  The lenders did "not contest" counsel's sworn statements.  D.19 at 3 n.2.

At stake is the timeliness of the Pierces' notice of appeal.  The 30-day deadline to file a notice of appeal is "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (citations omitted).  A party "file[s]" a notice of appeal on the date she "deliver[s] it . . . to the clerk" of court.  Fed. R. Civ. P. 5(d)(2); *see Parissi v. Telechron, Inc.*, 349 U.S. 46, 46 (1955) (per curiam); *see also The Oxford English Dictionary* 904 (2d ed. 1989) (defining "file" as "[t]o place (a document) in a due manner among the records of a court").  Placing the notice of appeal in a drop box designated for court documents suffices.  *Ross v. McKee*, 465 F. App'x 469, 474–75 (6th Cir. 2012) (collecting cases).

The Pierces met the filing deadline. The lenders do not dispute that counsel for the Pierces placed the notice of appeal into the district court's drop box on September 11. And they cannot dispute that the drop box served as an acceptable way to deliver documents to the court. A court's drop box serves as an invitation to file court documents, precluding a court from treating its use by a party as a trespass or a non-event.

Any attempt to quarrel with the point must account for a practical reality: the court's decision to keep the cashier's check. The Pierces put their money where their paper filing went. Included in the drop box were the notice of appeal *and* a cashier's check to pay for the filing fee. That the clerk of court kept the check, but not the notice of appeal, is hard to fathom. Even Ayn Rand might pause at this manifestation of the limits of self (or institutional) interest.

Even so, the lenders point out, the local rules require electronic filing, not drop-box filing. Because the Pierces did not file electronically until September 14, the lenders claim that the Pierces missed the September 11 deadline. That view must yield to precedent. As the Supreme Court pointed out in a unanimous opinion reversing one of our decisions, "imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." *Becker v. Montgomery*, 532 U.S. 757, 767 (2001); *see Smith v. Barry*, 502 U.S. 244, 247–48 (1992). What counts as an immaterial "imperfection"? The failure to comply (initially) with local rules customarily does not render the filing of a document untimely. *See Lexon Ins. Co. v. Naser*, 781 F.3d 335, 339 (6th Cir. 2015).

Two rules support the principle. Civil Rule 5(d)(4) commands that "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by . . . a local rule[.]" Fed. R. Civ. P. 5(d)(4); *Shuler v. Garrett*, 715 F.3d 185, 187 (6th Cir. 2013). Civil Rule 83(a)(2) warns that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2); *Lexon*, 781 F.3d at 339. The power to enact local rules, generally speaking, does not include the power to deny appellate jurisdiction.

Other courts have reached similar outcomes.  The Ninth Circuit has deemed a notice of appeal timely when it arrived by regular mail on time but contrary to a local rule requiring electronic filing.  *Klemm v. Astrue*, 543 F.3d 1139, 1143–44 (9th Cir. 2008).  The Third Circuit has ruled the same way.  *Han Tak Lee v. Houtzdale SCI*, 798 F.3d 159, 163 (3d Cir. 2015).  No court, to our knowledge, has held that a local rule requiring electronic filing renders a timely paper notice of appeal untimely.

*Amburgey v. Commissioner of Social Security*, No. 16-6479, 2016 WL 10100226 (6th Cir. Dec. 30, 2016) (Order), is not to the contrary.  Amburgey filed his electronic notice of appeal a month late.  *Id.* at \*1.  We dismissed his appeal as untimely because he provided "no evidence" that the "district court timely received his notice of appeal."  *Id.*  "No evidence" included the absence of an affidavit averring a timely filing.  Counsel instead represented in briefs that he had unknowingly stopped a screen short of submitting his electronic notice of appeal, perhaps because of a technical problem.  Unsworn excuses about attempted filings are afield from sworn excuses about completed filings.  *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 653 n.3 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *see United States v. Preston*, 352 F.2d 352, 353 & n.1 (9th Cir. 1965).

Out-of-circuit cases cited by the lenders suffer from similar defects.  *See Morrill v. Corcoran*, 529 F. App'x 315, 316 (4th Cir. 2013) (per curiam); *Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 588 (5th Cir. 2009).  Both involved little-to-no evidence of a timely filing, and neither involved an affidavit.  The Fifth Circuit in *Kinsley* indeed lamented that the appellant lacked one.  570 F.3d at 588.

It is true that the Pierces' lawyer had other options.  He could have asked for an extension of time in the district court.  28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5).  He could have notified opposing counsel that he had placed the notice of appeal in the drop box.  But best practices do not set jurisdictional bounds; Congress does.  *See Bowles*, 551 U.S. at 212–13.

We deny the motion to dismiss the appeal.